**Gevorg ABRAHAMYAN;**
**et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 05–72909.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Howard R. Davis, Esq., Davis Miller & Neumeister, Van Nuys, CA, for Petitioners.

CAC–District Counsel, Esq., Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Daniel E. Goldman, Esq., Michelle G. Latour, William G. Cole, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gevorg Abrahamyan ("Abrahamyan"), Piruza Chilyan, his wife, and Harut and Tatevik Abrahamyan, his children, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998), and we grant the petition for review and remand.

 The BIA determined that Abrahamyan's testimony was inconsistent, first, with his declaration regarding the specific time of day police entered his home, second, with a medical document regarding when he was attacked, and third, with a letter from his wife regarding a cousin in Russia. These inconsistencies are minor and do not enhance Abrahamyan's claim. *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000) ("If discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, [they] have no bearing on credibility.") (internal quotations and citation omitted). Furthermore, the agency either did not provide Abrahamyan with an opportunity to explain the perceived inconsistencies, or the agency did not address Abrahamyan's reasonable explanations for the inconsistencies. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (reversing negative credibility finding because, *inter alia,* petitioner was denied a reasonable opportunity to explain a perceived inconsistency); *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (an adverse credibility finding is

not supported by substantial evidence where the agency did not address petitioner's explanation for the identified discrepancy).

Finally, the BIA impermissibly speculated when it determined that Abrahamyan's testimony about his return trip to Armenia was implausible. *See Jibril v. Gonzales,* 423 F.3d 1129, 1136 (9th Cir.2005) (holding that speculation and conjecture cannot form the basis of an adverse credibility finding).

Accordingly, we remand for the agency to consider whether, accepting Abrahamyan's testimony as true, he is eligible for asylum, withholding of removal or protection under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Because we remand, we do not reach Abrahamyan's due process claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.